IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

AMINA BENAHAMED, etc., et al.,

       Plaintiff,      Case No. 3:09 CV 1757

 -vs-

                 MEMORANDUM OPINION
HCC INSURANCE HOLDINGS,    AND ORDER
INC.,
       Defendant.

KATZ, J.

   This matter is before the Court on the Defendant's Motion to Alter or Amend or for Relief from (Doc. 36) this Court's earlier memorandum opinion (Doc. 34) of July 23, 2010, granting in part Plaintiffs' motion for summary judgment and Defendant's Motion for Stay of Execution and/or Approval of Supersedeas Bond (Doc. 37), as well as Plaintiffs' Oppositions (Doc. 40 and 41), Defendant's Replies (Doc. 45 and 44), and Defendant's Notice of Supplemental Authority (Doc. 46) and Plaintiffs' Motion to Strike (Doc. 47). The Motion to Alter or Amend or for Relief from Judgment will be denied. Defendant will be allowed to post a supersedeas bond, but its motion to be allowed to post such bond with a related corporation will be denied. Plaintiffs' Motion to Strike will be denied

**I. Standard of Review**

   The purpose of a motion to alter or amend judgment under Fed.R.Civ.P. 59(e) is to allow the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1989). This rule gives the district court the "power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982). Generally, three major situations justify a district court altering or amending its judgment: (1) to accommodate an

intervening change in controlling law; (2) to consider newly discovered evidence; or (3) to prevent a clear error of law or a manifest injustice. *GenCorp, Inc. v. American Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir.1999). Rule 59(e) is not designed to give an unhappy litigant an opportunity to relitigate matters already decided; nor is it a substitute for appeal. *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 395 (6th Cir.2007) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). Rather, a motion to alter or amend is proper only if it calls to the Court's attention "an argument or controlling authority that was overlooked or disregarded in the original ruling, presents manifest evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law." *Davie v. Mitchell*, 291 F. Supp. 2nd 573, 634 (N.D. Ohio 2003).

Further, Fed.R.Civ.P. 60(b)(6) will apply "only in exceptional or extraordinary circumstances. *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). No such "extraordinary circumstances" can arise out of a "voluntary, deliberate, free, untrammeled" strategic choice. *Ackerman v. U.S.*, 340 U.S. 193, 212 (1950).

**II. Discussion**

    **A. Rule 59(e)**

Defendant's only mention of Rule 59(e) or its requirements comes from the introduction of its motion brief (Doc. 36), rather than the body of any of its argument. The only issue it mentions at that time is a perceived error by this Court. It claims that the Court stated that Defendant stipulated to coverage of TriCoastal *for the accident at issue*. This misconstrues the words of the Court, which stated, in the context of the dispute over the existence of Grand Aire Express, that Defendant "never even tries to argue that TriCoastal was not covered." Doc. 34. The Court never

2

stated this meant coverage for the accident, as opposed to general coverage. Because the Court made no factual mistake, but at most left a statement slightly unclear if taken out of context, and the statement to which Defendant objects did not mean what Defendant thought it meant, the statement does not provide grounds for amendment under Rule 59(e).

The Defendant then precedes with six substantive arguments, without providing justification for such arguments under Rule 59(e). Most of these arguments either restate arguments the Court already considered or present novel theories of law, neither of which satisfies the requirements of Rule 59(e). The first argument presents the above misreading of the Court's opinion combined with the bare claim that Defendant owed no coverage to TriCoastal for the accident at issue. The Court considered this claim in its original memorandum; thus, the Court rejects this claim because Rule 59(e) may not be used to relitigate matters already addressed. *Roger Miller,* 477 F.3d at 395. The same holds for the sixth argument, which objects to the Court's interpretation of the policy.

Defendant's second, third, and forth arguments claim that Ohio law (Constitution, statute, and case law respectively) prohibit Plaintiffs' underlying recovery. Defendant refers the second and forth argument to portions of its original motion arguing that the policy included a provision excluding coverage and that Ohio law allowed such exclusions. To the extent these arguments do not argue for an exclusion actually within the policy, they raise new legal arguments which Defendant could have made originally. Rule 59(e) does not allow newly raised legal arguments which were available before the original decision. *Engler*, 146 F.3d at 374. Because Defendant points to the spots where it mentioned the law it notes in raising its new argument, the Court reiterates that the previously decided issue of whether any "workers' compensation" or

3

"employer's liability" exclusions applied to Endorsement Four Section Two may not be reargued under Rule 59(e).

Defendant's fifth argument preemptively rebuts an anticipated response by Plaintiffs.  This does not establish any reason to amend the Court's previous decision on its own.

Finally, under the guise of new law, Defendant presents the Court with a decision by a district court judge in Oregon which questions the Court's logic.  *In re: Helicopter Crash Near Weaverville, California 8/5/08*, 2010 WL 4812810 (D. Or.).  In that case, Judge Mosman, relying on Oregon law, interprets an endorsement equivalent to that at issue here saying that this Court's interpretation "is plausible simply as a reading of the bare text," but that it is inconsistent with other portions of the Oregon contract.  *Id.* at *4.  Though Defendant notes some of the ways in which the contracts at issue in both cases mirror each other, it does not direct the Court to the equivalent of Endorsement 37, the other portion of the Oregon contract on which Judge Mosman relies.

With this other language as context, Judge Mosman also considers the meaning of the hyphen in the title of the endorsement at issue: Aviation Products-Completed Operations.  *Id.*  He notes the ambiguity in the title, but reads a clear distributive application - it applies "Completed" to "Aviation" as well as "Products."  This is certainly a possible reading.  However, the Court sees no reason, given the absence of the equivalent of Endorsement 37, why the hyphen need attribute the word "Completed" to "Aviation" as well as "Products."  Thus, another entirely acceptable reading could be "Aviation" and "Products-Completed."  Even if the first reading may be more likely, Ohio law construes insurance contract ambiguity (which Judge Mosman expressly noted)

4

"liberally in favor of the insured and strictly against the insurer." *American Fin. Corp. v. Fireman's Fund Ins. Co.*, 15 Ohio St.2d 171, 239 (1968).

In addition to the above inconsistencies in the contract language and logic applied, the Court notes that the decision Defendant notes came from the District of Oregon. The Court does not consider a district court decision from another circuit "controlling law" without regard to whether it is "intervening change," even if such a case completely mimicked the facts of the situation at issue, contrary to the Defendant's presentation.

Plaintiffs move to strike Defendant's submission of the Oregon case. Because the Court considered the case and rejected it, Plaintiffs' motion is denied.

For the reasons stated above, the Court will deny Defendant's Rule 59(e) motion.

**B. Rule 60(b)(6)**

As the Court noted above, a motion under Rule 60(b)(6) requires a showing of "extraordinary circumstances." Defendant made no mention of what it considers "extraordinary circumstances." As such, the Court finds no such "extraordinary circumstances" exist and will thus deny the motion under Rule 60(b)(6).

**C. Supersedeas Bond**

Plaintiffs acceded to Defendant's wish to post a supersedeas bond pending appeal of the Court's decision, but objects to the entity Defendant chose. Doc. 37 at 1. Defendant wishes to post its bond with American Contractors Indemnity Company (ACIC). *Id.* Plaintiffs object because Defendant's parent company wholly owns the company which wholly owns ACIC. In other words, Defendant and ACIC are corporately related. Defendant gives the Court no reason, other that ACIC's general credentials, as to why it should ignore such an obvious conflict of

5

interest. Accordingly, Defendant's request to post a supersedeas bond is well taken, but not with regard to posting such a bond with a corporately related company.

**III. Conclusion**

For the foregoing reasons, the Motion to Alter or Amend (under Rule 59(e)) or for Relief from Judgment (under Rule 60(b)(6)) (Doc. 36) is denied, as is Plaintiffs' Motion to Strike (Doc. 47). Further, the Motion for Approval of Supersedeas Bond is granted with regard to leave to post a supersedeas bond and denied with regard to leave to post such a bond with ACIC or any other corporation related to Defendant.

IT IS SO ORDERED.

  s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE